UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EBONEE Z.[1] | : | Case No. 3:23-cv-67 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[2]**

Plaintiff Ebonee Z. brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #7).

**I.     Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on March 24, 2021, alleging disability due to several impairments, including worsening of anxiety, worsening of obstructive sleep apnea, depression, hyperthyroidism, high blood pressure, paranoia, migraines, and bipolar disorder. (Doc. #7-6, *PageID* #264). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a telephonic hearing before Administrative Law Judge ("ALJ") Gregory M. Beatty. Thereafter, ALJ Beatty issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since March 24, 2021, the application date.

Step 2: She has the following severe impairments: obesity; depressive disorder; anxiety disorder; post-traumatic stress disorder; obstructive sleep apnea; hypothyroidism; migraines; and essential hypertension.

Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity ("RFC"), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can never work at unprotected heights, never mov[e] mechanical parts[,] and never operat[e] a motor vehicle. [Plaintiff] [i]s able to perform simple, routine and repetitive tasks but not at a production rate pace. [Plaintiff] [i]s able to perform simple work-related decisions. [Plaintiff] [i]s able to interact with supervisors occasionally. [Plaintiff] [i]s able to interact with coworkers occasionally.

|  |  |
|---|---|
|  | [Plaintiff] [i]s able to interact with the public occasionally. [Plaintiff] [i]s able to tolerate few changes in a routine work setting." |
| Step 4: | She has no past relevant work. |
| Step 5: | She can perform a significant number of jobs that exist in the national economy. |

(Doc. #7-2, *PageID* #s 40-50). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 24, 2021, the date the application was filed. *Id.* at 50.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 38-50), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.  Discussion

In her Statement of Errors, Plaintiff asserts that the ALJ erred by using the wrong legal standard and relying on flawed opinion evidence, thus creating an unwarranted additional procedural burden for her to overcome. (Doc. #8, *PageID* #s 1226-29). In response, the Commissioner maintains that ALJ Beatty properly evaluated Plaintiff's current application with a fresh look. (Doc. #11, *PageID* #s 475-81).

#### A.  The ALJ's Compliance with *Drummond* and *Earley*

In *Drummond*, the Sixth Circuit held that the principles of *res judicata* apply to both disability applicants and the Commissioner in Social Security cases. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). Specifically, the *Drummond* Court found that, absent evidence of "changed circumstances" relating to an applicant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. In response to *Drummond*, the Social Security Administration subsequently issued Acquiescence Ruling ("AR") 98-4(6), which provides:

4

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 WL 283902, at *3 (Soc. Sec. Admin. June 1, 1998).

Thereafter, the Sixth Circuit clarified the scope of *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the Sixth Circuit explained that *res judicata* only applies if an applicant files a subsequent application for the same period of disability that was rejected in the prior decision. *Id*. at 933. The Sixth Circuit pointed out that *Drummond* was never intended to extend *res judicata* to foreclose review of a new application for a new period of time, reasoning that "[a]ny earlier proceeding that found or rejected the onset of disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id*. Rather, in cases where disability is alleged for a distinct period of time, the application is entitled to a "fresh look." *Id*. This, of course, is not to say that a subsequent ALJ cannot consider a prior ALJ's decision. After all, in the absence of new and additional evidence, the subsequent ALJ may treat the prior ALJ's findings as "legitimate, albeit not binding, consideration in reviewing a second application." *Id*.

Previously, Plaintiff filed an application for benefits, which was ultimately denied by ALJ Deborah Sanders. (Doc. #7-3, *PageID* #s 88-99). In this case, Plaintiff's instant application for benefits involves a subsequent period of time following her prior application before ALJ Sanders. Specifically, ALJ Sanders' decision addressed whether Plaintiff had been under a disability from

December 19, 2016 through the date of her decision on February 22, 2019, while Plaintiff's instant application alleges ongoing disability from March 24, 2021 through the date of ALJ Beatty's decision on May 19, 2022. (Doc. #7-3, *PageID* #s 88-99; Doc. #7-2, *PageID* #s 38-50). In other words, Plaintiff's present application involves an entirely distinct period of time—from March 24, 2021 through May 19, 2022—that was not considered by ALJ Sanders. Accordingly, under *Earley*, ALJ Beatty was not constrained by ALJ Sanders' assessment in formulating Plaintiff's RFC for the period at issue. *See Earley*, 893 F.3d at 931.

Notwithstanding the foregoing, in his decision, ALJ Beatty incorrectly stated that he was bound by the previous ALJ's RFC determination. (Doc. #7-2, *PageID* #38). Specifically, ALJ Beatty explained:

> Regarding the [RFC] in previous decision dated February 19, 2019, the Administration cannot make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act, unless new and material evidence or changed circumstances provide a basis for a different finding concerning a claimant's residual functional capacity, (Acquiescence Ruling 98-4(6); *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir.1997)). In this case, [Plaintiff] has produced no significant new and material evidence documenting a significant change in [her] condition after the previous period of adjudication. Thus, the [RFC] determination in the previous Administrative Law Judge's decision is generally binding for the purposes of this decision except with respect to restrictions associated with her ability to interact with others.

*Id*.

Upon review of the record and the arguments of the parties, the undersigned finds that ALJ Beatty did not provide the necessary fresh look. Contrary to the Commissioner's contentions otherwise, evidence that ALJ Beatty believed he was bound by the previous ALJ's decision is apparent throughout his decision. For instance, in crafting the RFC in this case, ALJ Beatty started

by reciting the previous RFC imposed by ALJ Sanders, and then turned to assessing whether the new evidence supported a departure from that RFC. *See id*. at 44-49. Thus, while ALJ Beatty provided a detailed review of the newly submitted evidence, he did so against the backdrop of ALJ Sanders' prior findings, framing his RFC determination as an "adopt[ion] of the [RFC] of the previous [ALJ] with a slight modification." (Doc. #7-2, *PageID* #44).  In short, instead of treating ALJ Sanders' findings as a "legitimate, albeit not binding consideration," *Earley*, 893 F.3d at 933, ALJ Beatty's analysis reveals that he used the prior RFC as a mandatory starting point, in contravention of *Earley. See e.g., Gale v. Comm'r of Soc. Sec*., No. 1:18-CV-859, 2019 WL 8016516, at *5 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-859, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020) (holding that, when evaluating a subsequent application for benefits for a distinct period of time, an ALJ may consider a previous ALJ's RFC assessment but errs "when he considers the previous RFC a mandatory starting point for the analysis."); *Dilauro v. Comm'r of Soc. Sec*., No. 5:19 CV 2691, 2020 WL 9259708, at *10 (N.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 5:19-CV-2691, 2021 WL 1175415 (N.D. Ohio Mar. 29, 2021) ("[T]he ALJ considered this new evidence… but from a starting point of evaluating whether it was compatible with the prior RFC…. That violates the statutory framework governing disability claims."); *Dunn v. Comm'r of Soc. Sec.*, 2018 WL 4574831, at *3 (W.D. Mich.) ("In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings ... rather than a 'fresh review' of plaintiff's 'new application for a new period of time.'").

Similarly, ALJ Beatty's mistaken understanding that he was bound by ALJ Sanders' RFC determination tainted his review of the state medical opinions. *See* Doc. #7-2, *PageID* #s 46, 48. Here, ALJ Beatty recognized that the state agency physicians and psychologists also relied on *Drummond* to adopt the prior ALJ's RFC determination. *Id.* For instance, in formulating Plaintiff's physical RFC—which was unchanged from ALJ Sanders' previous physical RFC— ALJ Beatty gave persuasive weight to the opinions of Leon Hughes, M.D., and Elizabeth Das, M.D., explaining:

> After reviewing the evidence of record, the reviewing physicians adopted the [RFC] of the previous [ALJ] dated February 19, 2019, due to there being no new and material evidence that would support a change in [Plaintiff's] functional capacity. I find the opinions of the reviewing physicians to be persuasive. [Plaintiff's] treatment records are minimal and there is little to no objective evidence that would support a significantly diminished physical functional capacity. Based on the foregoing, I find [Plaintiff] has the above [RFC] assessment, which is supported by the evidence of record, which does not support a finding of disability.

(Doc. #7-2, *PageID* #s 48-49).

However, as this Court has previously recognized, "as a matter of common sense, the holding in *Earley* must be extended to those reviewing doctors." *See Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 4667730, at *2 (S.D. Ohio Sept. 25, 2019) (Rice, D.J.). That is, "[l]ike the ALJ, [reviewing doctors] must take a 'fresh look' at the new and additional evidence to determine whether it supports the new application for a more recent time period." *Id.* Thus, reviewing doctors who fail to provide their own fresh look of the evidence cannot constitute substantial evidence in support of an ALJ's decision. *Id.*

Here, both ALJ Beatty and the doctors whom he found "persuasive" failed to take a fresh look at Plaintiff's new and additional evidence. Simply put, their "mistake was to credit ALJ

8

[Sanders'] findings because AR-98-4(6) and *Drummond* mandated them to do so, not because their fresh look at Plaintiff's new and additional evidence led them to do so." *Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-00411, 2019 WL 1465387, at *7 (S.D. Ohio Apr. 3, 2019) (Ovington, M.J.), *report and recommendation adopted*, No. 3:17-CV-411, 2019 WL 4667730 (S.D. Ohio Sept. 25, 2019) (Rice, D.J.).

In this regard, ALJ Beatty's decision not only utilized the wrong legal standard, but also relied on flawed opinion evidence. As a result, Plaintiff remains entitled to a full hearing without the additional procedural burden to overcome, which she has not yet received. *Earley*, 893 F.3d at 934 ("All roads in the end lead to this destination: The ALJ should have another opportunity to review the application under the correct legal standard."); *see also Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (holding that an error of law requires remand, even if the factual findings are otherwise supported by substantial evidence) (internal quotations and citations omitted).

Accordingly, Plaintiff is entitled to a new hearing where her records are reviewed without a presumption that the prior RFC remains the proper RFC.[3]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by caselaw; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis

to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. #8) be **GRANTED**;

2. The Commissioner's non-disability finding be **VACATED**;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendation; and

5. The case be terminated on the Court's docket.

January 5, 2024
                                                        *s/ Peter B. Silvain, Jr.*
                                                        Peter B. Silvain, Jr.
                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).